Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq, (NV Barn No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:   702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

*Electronically Filed On: July 23, 2020*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JAMES PAUL SCHRAMM and<br>RENELYN GUILLERMO SCHRAMM,<br><br>Debtors. | Case No.  Case No.  BK-S-19-17165-ABL<br><br>Chapter 7 |
| SHELLEY D. KROHN, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>JAMES PAUL SCHRAMM, an individual; and RENELYN GUILLERMO SCHRAMM, an individual; DOE individuals 1-10; and ROE corporations 1-10,<br><br>Defendants. | Adv. Proc. No.<br><br>**COMPLAINT FOR (1) OBJECTION TO DISCHARGE OF DEBTORS PURSUANT TO 11 U.S.C. § 727(a)(3); (2) OBJECTION TO DISCHARGE OF DEBTOR PURSUANT TO 11 U.S.C. § 727(a)(2)(B); (3) OBJECTION TO DISCHARGE OF DEBTORS PURSUANT TO 11 U.S.C. § 727(a)(4)(A); (4) OBJECTION TO DISCHARGE OF DEBTORS PURSUANT TO 11 U.S.C. § 727(a)(4)(D); OBJECTION TO DISCHARGE OF DEBTORS PURSUANT TO 11 U.S.C. § 727(a)(5); AND (6) OBJECTION TO DISCHARGE OF JOINT DEBTOR PURSUANT TO 11 U.S.C. § 727(a)(6)(C)**<br><br>Judge: Honorable August B. Landis |

Shelley D. Krohn (alternatively, "Plaintiff" or "Trustee"), the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case and plaintiff in the above-captioned adversary proceeding, by and through her counsel, Jacob L. Houmand, Esq. and Bradley G. Sims, Esq. of

the Houmand Law Firm, Ltd., hereby files this complaint against James Paul Schramm (alternatively, "Defendant" or "Debtor"), Renelyn Guillermo Schramm (alternatively, "Co-Defendant" or "Joint Debtor"), Doe individuals 1-10, and Roe corporations 1-10 (the foregoing named Defendants shall be referred to collectively herein as "Defendants" or "Debtors") and alleges the following:

## JURISDICTIONAL ALLEGATIONS

1.  This is an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001.[1]

2.  This adversary proceeding arises out of and is related to the above-captioned Chapter 7 case before the United States Bankruptcy Court (the "Bankruptcy Case").  This Court has jurisdiction in the instant adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 of the Bankruptcy Code and relate to the Bankruptcy Case.

3.  Venue is proper under 28 U.S.C. § 1409.

4.  This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).  If this adversary proceeding is determined to be "noncore," Plaintiff consents to the entry of final orders or judgments by the bankruptcy judge.

5.  Defendants may be served with process in accordance with FRBP 7004, incorporated by FRCP 4.

6.  By Order entered July 6, 2020, [ECF No. 190][2] the deadline for Trustee to file this objection to discharge was extended up to and including July 24, 2020.

. . .

. . .

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP."  The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada will be referred to as the "Local Rules."

[2] In this Complaint, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

## II.  PARTIES

7. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 6 of the Complaint as though full set forth herein.

8. Plaintiff was appointed as the Chapter 7 Trustee in the above-captioned Bankruptcy Case on November 5, 2019 and has acted in that capacity since her appointment.

9. Upon information and belief, the Debtor is an individual currently residing in Las Vegas, Nevada and a debtor in the Bankruptcy Case.

10. Upon information and belief, Joint Debtor is an individual currently residing in Las Vegas, Nevada and a debtor in the Bankruptcy Case.

11. The true names, identities or capacities, whether individual, corporate, political, associate or otherwise of any Doe and Roe Defendants are unknown to Plaintiff. Plaintiff therefore sues and Doe and Roe Defendants by fictitious names. Plaintiff is informed and does believe, and thereupon alleges, that: each of the Doe and Roe Defendants is responsible in some manner for the acts, actions and omissions herein referred to; each of the Doe and Roe Defendants has proximately caused general and special damages to Plaintiff as herein alleged; and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of any said Doe and Roe Defendants when the same have been ascertained by Plaintiff, together with appropriate charging allegations.[3]

### III.  GENERAL ALLEGATIONS COMMON TO ALL DEFENDANTS AND ALL CLAIMS FOR RELIEF

12. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 11 of the Complaint as though full set forth herein.

. . .

. . .

. . .

---

[3] In compliance with FRBP 7020 regarding joinder of multiple parties in a single action, the claims asserted against the named Defendants arise out of the same series of transactions and involve common issues of fact and law.

13. On or about November 5, 2019 (the "Petition Date"), Defendants filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1].[4]

14. On or about December 11, 2019 the Defendants attended their first 341(a) Meeting of Creditors and testified that they sold a vehicle post-petition and disposed of the proceeds.

15. Plaintiff requested the Defendants turnover any proceeds derived from the post-petition sale of the vehicle.

16. Plaintiff also requested various amendments to the Defendants' bankruptcy schedules and statement of financial affairs to document omitted assets and transfers.

17. On or about December 11, 2019, Plaintiff continued the Debtors' 341(a) Meeting of Creditors to January 10, 2020, at 9:00 a.m.

18. On or about January 7, 2020, Defendants filed an Amended Statement of Financial Affairs, indicating, *inter alia,* that they had received $80,000.00 from insurance in October, 2019 (the "Insurance Proceeds").

19. On or about January 10, 2020, Plaintiff continued the Defendants' 341(a) Meeting of Creditors until February 7, 2020, at 9:00 a.m.

20. On or about February 7, 2020, Plaintiff held a continued 341(a) Meeting of Creditors. While the Debtor appeared, the Joint Debtor failed to appear at the continued meeting.

21. On or about February 10, 2020, Plaintiff continued the Debtors' 341(a) Meeting of Creditors until February 28, 2020, at 9:00 a.m.

22. On or about February 28, 2020, Defendants provided certain documentation purporting to document the disposal of the Insurance Proceeds, however, the documentation provided does not completely document the disposition of the Insurance Proceeds.

23. On or about March 2, 2020, Plaintiff continued Defendants' 341(a) Meeting of Creditors until March 25, 2020, at 9:00 a.m.

24. On or about March 23, 2020, Plaintiff continued the Debtors' 341(a) Meeting of Creditors until May 8, 2020, at 3:30 p.m.

---

[4] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

25. On or about March 30, 2020, Defendants filed an Amended Statement of Financial Affairs [ECF No. 165].

26. In response to question six in the Amended Statement of Financial Affairs [ECF No. 165], Defendants indicated that they had not paid any creditor more than six hundred dollars ($600.00) in the ninety days preceding the filing of the bankruptcy.

27. Upon information and belief, Defendants testified on multiple occasions that they had paid more than six hundred dollars ($600.00) to individual creditors.

28. On or about April 22, 2020, Plaintiff filed a notice of Rescheduled 341(a) Meeting that stated the Defendants' 341(a) Meeting of Creditors would be continued until May 8, 2020 at 3:30 p.m. [ECF No. 175].

29. Upon information and belief, Defendants had actual notice of the continued meeting of creditors, as the certificate of service filed with the Court indicates that the notice of the rescheduled meeting was sent to the Debtors at their home address [ECF No. 176].

30. On or about May 8, 2020, Plaintiff held a continued 341(a) Meeting of Creditors and both Defendants failed to appear.

31. On or about July 17, 2020, Plaintiff held a continued 341(a) Meeting of Creditors where only the Debtor appeared and the Joint Debtor failed to appear.

32. During the July 17, 2020 341(a) meeting, the Debtor provided multiple untruthful answers to questions, including, but not limited to, that he had not reviewed various amendments to his petition and schedules, and that he had no cash on hand at the time of his bankruptcy filing.

33. Upon information and belief, on or about October 14, 2019, Defendants received a check in the amount of thirty-eight thousand two hundred eighty dollars and eighty-two cents ($38,280.82) that represents a partial payment of the Insurance proceeds.

34. Upon information and belief, Defendants only provided documentation of expenditures totaling approximately fourteen thousand five hundred seventy-seven dollars and seventy-eight cents ($14,577.78) between October 14, 2019 and the petition date.

35. Defendants have testified that no other documentation of expenses between October 14, 209 and the petition date exists.

-5-

36. Defendants have failed to produce any type of evidence to Plaintiff as to the whereabouts of the remainder of the Insurance Proceeds, which total approximately twenty-three thousand seven hundred three dollars and four cents ($23,703.04).

### IV. FIRST CLAIM FOR RELIEF

**(Objection to Discharge Based Upon Debtor's Failure to Keep and Maintain Records Pursuant to 11 U.S.C. § 727(a)(3) Against Defendants)**

37. Plaintiff incorporates and realleges paragraphs 1 through 36, as though fully set forth herein.

38. Plaintiff objects to the discharge of Defendants pursuant to 11 U.S.C. § 727(a)(3).

39. Defendants have concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information pertaining to their financial condition or business transactions, including books, documents, records and papers from which the Debtors' financial condition or business transactions might be ascertained.

40. Plaintiff has been damaged by the actions of Defendants in an amount to be determined by this Court.

41. Plaintiff reserves the right to supplement this Complaint to plead additional objections to Defendants' discharge.

### V. SECOND CLAIM FOR RELIEF

**(Objection to Discharge Based Upon Debtors' Transfer of Assets Pursuant to 11 U.S.C. § 727(a)(2)(B) Against Defendants)**

42. Plaintiff incorporates and realleges paragraphs 1 through 41, as though fully set forth herein.

43. Plaintiff objects to the discharge of the Debtors pursuant to 11 U.S.C. § 727(a)(2)(B).

44. The Debtors have transferred, removed, destroyed, mutilated, or concealed property of the Debtors' bankruptcy estate after the filing of the petition.

45. Specifically, the Debtors transferred a vehicle without approval of the court and concealed at least twenty-three thousand seven hundred three dollars and four cents ($23,703.04)

in cash.

46. These actions were takes with the intent to hinder, delay, or defraud the Plaintiff in her administration of the Debtors' bankruptcy estate.

47. Plaintiff has been damaged by the actions of the Debtors in an amount to be determined by this Court.

48. Plaintiff reserves the right to supplement this Complaint to plead additional objections to the Debtors' discharge.

## VI.   THIRD CLAIM FOR RELIEF

**(Objection to Discharge Based Upon Debtor's Knowing and Fraudulent False Oath and/or Account Made In Connection with Bankruptcy Case Pursuant to 11 U.S.C. § 727(a)(4)(A) Against Defendants)**

49. Plaintiff incorporates and realleges paragraphs 1 through 48, as though fully set forth herein.

50. Plaintiff objects to the discharge of Defendants pursuant to 11 U.S.C. § 727(a)(4)(A).

51. Defendants are not entitled to a discharge because Defendants knowingly and fraudulently made false oaths and accounts in connection with their Statement of Financial Affairs.

52. Defendants are not entitled to a discharge because Defendants knowingly and fraudulently made false oaths and accounts in connection with the disposition of the Insurance Proceeds.

53. These omissions were intended to prevent Plaintiff from recovering Defendants' assets for the benefit of creditors.

54. The false oaths and accounts related to material facts in the bankruptcy proceeding.

55. The false oaths and accounts, among other things, prevented Plaintiff from discovering assets of the Debtors that could be used to satisfy his creditors.

56. Plaintiff has been damaged by the actions of Defendants in an amount to be determined by this Court.

. . .

-7-

### VII. FOURTH CLAIM FOR RELIEF

**(Objection to Discharge Based Upon Debtor's Withholding of Books, Documents, Records, and Papers Relating to the Debtor's Property and Financial Affairs Pursuant to 11 U.S.C. § 727(a)(4)(D) Against Defendants)**

57. Plaintiff incorporates and realleges paragraphs 1 through 56, as though fully set forth herein.

58. Plaintiff objects to the discharge of Defendants pursuant to 11 U.S.C. § 727(a)(4)(D).

59. Plaintiffs is an officer of Defendants' bankruptcy estate and is entitled to possession of information relating to Defendants' property and financial affairs, including books, documents, records, and papers.

60. Defendants have willfully withheld from Plaintiff books, documents, records, and papers relating to Defendants' property of financial affairs.

61. Plaintiff has been damaged by the actions of Defendants in an amount to be determined by this Court.

### VIII. FIFTH CLAIM FOR RELIEF

**(Objection to Discharge Based Upon Debtors' Failure to Explain the Loss or Deficiency of Assets Pursuant to 11 U.S.C. § 727(a)(5) Against Defendants)**

62. Plaintiff incorporates and realleges paragraphs 1 through 61, as though fully set forth herein.

63. Plaintiff objects to the discharge of Defendants pursuant to 11 U.S.C. § 727(a)(5).

64. Defendants have failed to explain satisfactorily, before the determination of the denial of discharge, any loss of assets or deficiency of assets to meet Defendants' liabilities.

65. Defendants have failed to explain the loss of significant assets that were under their control in the months preceding the filing of the bankruptcy petition.

66. Specifically, Defendants have failed to provide a reasonable explanation for the loss of at least twenty-three thousand seven hundred three dollars and four cents ($23,703.04) of the Insurance Proceeds.

. . .

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

67. Defendants have failed to produce documentation concerning the whereabouts of at least twenty-three thousand seven hundred three dollars and four cents ($23,703.04).

68. Plaintiff has been damaged by the actions of Defendants in an amount to be determined by this Court.

### IX.    SIXTH CLAIM FOR RELIEF

**(Objection to Discharge Based Upon Joint Debtor's Failure to Attend testify at the 341(a) Meeting of Creditors Pursuant to 11 U.S.C. § 727(a)(6)(C) Against Joint Debtor)**

69. Plaintiff incorporates and realleges paragraphs 1 through 68, as though fully set forth herein.

70. Plaintiff objects to the discharge of Joint Debtor pursuant to 11 U.S.C. § 727(a)(6)(C).

71. Joint Debtor failed to attend and testify at any continued 341(a) meeting after January 10, 2020.

72. No order has been entered excusing the Joint Debtor from testifying at the continued 341(a) meetings in question.

73. Joint Debtor has therefore failed to sufficiently testify in her bankruptcy case as required by 11 U.S.C. §§ 521 and 341(a).

74. Plaintiff has been damaged by the actions of Defendants in an amount to be determined by this Court.

WHEREFORE, Plaintiff prays for relief as follows:

1. With respect to the first claim for relief, Plaintiff respectfully requests that the Court determine that Defendants are ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(3).

2. With respect to the second claim for relief, Plaintiff respectfully requests that the Court determine that Defendants are ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(2)(B)

3. With respect to the third claim for relief, Plaintiff respectfully requests that the Court determine that Defendants are ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

4. With respect to the fourth claim for relief, Plaintiff respectfully requests that the Court determine that Defendants are ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(4)(D).

5. With respect to the fifth claim for relief, Plaintiff respectfully requests that the Court determine that Defendants are ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(5).

6. With respect to the fixth claim for relief, Plaintiff respectfully requests that the Court determine that Joint Debtor is ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(6)(C)

7. For attorneys' fees and costs of suit in an amount to be determined in this Adversary Proceeding.

8. For such other relief as this Court may deem just and proper.

Dated this 23rd of July, 2020.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Bradley G. Sims, Esq.*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq, (NV Barn No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:   702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

-10-