## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement (the "Agreement") is made and entered into effective the date it has been signed by all parties (the "Effective Date") by and between James Paul Schramm and Renelyn Guillermo Schramm (collectively, the "Debtors") and Shelley D. Krohn (the "Trustee"), the Chapter 7 Trustee appointed for the bankruptcy estate of James Paul Schramm and Renelyn Guillermo Schramm in the case titled *In re James Paul Schramm and Renelyn Guillermo Schramm* (Case No. BK-S-19-17165-ABL). The Debtors and the Trustee shall collectively be referred to herein as the "Parties," or individually, as a "Party." This Agreement is made with respect to the following facts:

## RECITALS

**WHEREAS**, on November 5, 2019, the Debtors filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1][1].

**WHEREAS**, on November 5, 2019, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 6].

**WHEREAS**, on July 23, 2020, the Trustee an adversary proceeding, Case No. 20-01083-ABL, by filing a complaint (the "Complaint") against the Debtors alleging the following claims for relief: (1) Objection to Discharge of Debtors Pursuant to 11 U.S.C. § 727(a)(3); (2) Objection to Discharge of Debtors Pursuant to 11 U.S.C. § 727(a)(2)(B); (3) Objection to Discharge of Debtors Pursuant to 11 U.S.C. § 727(a)(4)(A); (4) Objection to Discharge of Debtors Pursuant to 11 U.S.C. § 727(a)(4)(D); (5) Objection to Discharge of Debtors Pursuant to 11 U.S.C. § 727(a)(5); and (6) Objection to Discharge of Debtors Pursuant to 11 U.S.C. § 727(a)(6)(C) [Adv. ECF No. 1]

**WHEREAS**, on July 24, 2020, the Trustee served a copy of the Complaint, Summons, and Standard Discovery Plan on Defendant [Adv. ECF No. 9].

**WHEREAS,** The Parties mutually desire to enter into this Agreement, and the terms and implications of the Agreement have been openly and mutually negotiated and agreed to as set forth herein.

**WHEREAS**, the Debtors' decision to waive their discharge pursuant to 11 U.S.C. § 727(a)(10) referenced in Section 3 of this Agreement is made knowingly and intelligently and after opportunity to consult with an attorney.

---

[1] In this Agreement, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket in the above-referenced bankruptcy case maintained by the clerk of the court.

Initials:            Page **1** of **6**            Initials:

SDK                                                           JPS   RGS

**WHEREAS,** each Party has had the opportunity to consult with legal counsel if they so desired and have the terms and conditions have been fully explained to them by their respective counsels of choice.

**WHEREAS,** the Parties certify that they have been afforded a reasonable opportunity to consider this Agreement, and the Parties have carefully read and fully understand all of the provisions and effects of this Agreement.

**NOW, THEREFORE**, for and in consideration of the mutual covenants, agreements, understandings, undertakings, representations, warranties and promises, and subject to the conditions hereinafter set forth, and intending to be legally bound thereby, the Parties covenant and agree as follows:

<u>**AGREEMENT**</u>

1.    <u>Waiver of Discharge Pursuant to Section 727(a)(10)</u>.  In consideration of the resolution of the Complaint, the Debtors shall waive their discharge pursuant to 11 U.S.C. § 727(a)(10).

2.    <u>Release of Claims Against the Trustee</u>.  On behalf of the Debtors and any entity owned or controlled by the Debtors whether now or hereafter, hereby fully and forever completely release, acquit and discharge the Trustee and her past, present and future, agents, managing agents, attorneys, assigns, employees, insurers, owners (legal/equitable), officers, directors, shareholders, managers, members, principals, partners, predecessors, successors, spouses, executors, administrators, trusts, trustees, beneficiaries, financiers, investors, vendees, transferees, subsidiaries, parent and affiliated companies, joint ventures, family members, heirs, and all other persons and entities acting by or on their behalf or claiming through them of and from all manner of claims, counter-claims, cross-claims, third-party claims, demands, losses, expenses, damages (whether general, special or punitive), costs and expenses, attorneys' fees, expert/consultant fees (whether incurred prior to or after the execution of this Agreement), arbitration awards, suits, judgments, actions, contractual rights/provisions, orders, defects, action or actions, causes of action, economic and personal/psychological injuries, rights, debts, agreements, promises, liens, indemnities, liabilities of whatever kind and nature, whether known or unknown, suspected or unsuspected, claimed or unclaimed, fixed or contingent, matured or unmatured, liquidated or unliquidated, accrued or un-accrued, existing or potential, whenever and however occurring and whether at law or in equity which each has or might in the without limitation or exception, whether known or unknown, suspected or unsuspected, whether based on fraud, fraudulent transfer, negligence, embezzlement, misappropriation of funds, conversion, theft, breach of fiduciary duty, malpractice, tort, violation of law, statute or ordinance, or equitable theory of recovery, or any other theory of liability or declaration of rights whatsoever, which the Debtors have as of the execution of this Agreement or acquires from any third-parties after the execution of this Agreement.  The release of claims against the Trustee shall include, without limitation and for avoidance of doubt, the filing of any opposition to the attorneys' fees and costs owed to the law firm of Houmand Law, Ltd., and the Trustee's commission pursuant to 11 U.S.C. § 326.

Initials:    Page **2** of **6**    Initials:

SDK

3.    Release of Claims By Trustee. The Trustee, on behalf of the Debtors' estate and any entity owned or controlled by the Trustee in her capacity as such, whether now or hereafter, hereby fully releases and discharges the Debtors of and from all manner of action or actions, causes or causes of action related to the adversary proceeding styled *Shelley D. Krohn v. James Paul Schramm and Renelyn Guillermo Schramm*, Case No. 20−01083-ABL, with the exception of any claims relating to any assets which have knowingly or fraudulently been concealed. Nothing in this section shall be construed as a waiver of the Trustee's rights to pursue any other asset or claim related to the Debtors' bankruptcy filing or otherwise administer the Debtors' bankruptcy case. The release provided by this section shall not impact or alter the waiver of the Debtors' discharge set forth in Section 1 of this Agreement.

4.    <u>Reservation of Rights.</u> Notwithstanding anything to the contrary contained in this Agreement, the Parties expressly reserve unto themselves any claims or causes of action, whether at law or in equity, arising out of the non-performance of this Agreement by a Party.

5.    <u>Approval of Agreement by Bankruptcy Court.</u> This Agreement is contingent upon bankruptcy court approval pursuant to Federal Rule of Bankruptcy Procedure 9019. The Trustee shall take all necessary and appropriate action to prepare and file a motion for the approval of the settlement as documented by this Agreement by the Bankruptcy Court pursuant to Federal Rules of Bankruptcy Procedure 9019. The Trustee shall use her best efforts to obtain approval of the motion including, without limitation, defending it against any objections. Any order issued by the Bankruptcy Court granting the motion shall incorporate this Agreement as part of its terms. In the event that this Agreement is not approved by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019, the Trustee shall notify the Debtors within five (5) business days.

6.    <u>Entire Agreement</u>. This Agreement constitutes the entire agreement of the Parties and supersedes all prior agreements, statements and representations with respect to the matters resolved herein.

7.    <u>Successors Bound.</u> This Agreement is binding upon and inures to the benefit of the heirs, successors and assigns of the Parties.

8.    <u>Governing Law.</u> This Agreement shall be construed and interpreted in accordance with the laws of the State of Nevada and the United States Bankruptcy Code.

9.    <u>Bankruptcy Court Jurisdiction.</u> In the event of a dispute concerning this Agreement, the Parties agree and consent to the jurisdiction of the Bankruptcy Court.

10.    <u>Independent Counsel.</u> The Parties represent and warrant that they have been advised that they should be represented by counsel of their own choosing in the preparation and analysis of this Agreement, that they have been represented by their own independent counsel and that they have read this Agreement and believe that they are fully aware of and understand the contents hereof and its legal effect. The Parties further represent and warrant that they have entered into this Agreement voluntarily and with the approval and advice of their counsel.

11.    <u>Countersigned And Faxed Signatures.</u> It is understood and agreed that signatures or copies sent by facsimile transmission or countersigned documents are fully enforceable as originals signed by the Parties.

12.    <u>Attorney's Fees.</u> In the event of any litigation among the Parties, including any appeals, in connection with or arising out of this Agreement, the prevailing Party shall recover all of its costs and expenses, including experts' fees, and attorneys' fees actually incurred, which shall be determined and fixed by the court as part of the judgment. The Parties covenant and Agree that they intend by this section for the prevailing Party to recover for all attorneys' fees actually incurred by the prevailing Party at the attorneys' then existing normal hourly rate and that this section shall constitute a request to the court that such rate or rates be deemed reasonable.

13.    <u>Representations and Warranties.</u> Each Party hereby represents and warrants to the other Parties as follows, which shall be true and accurate as of the Effective Date:

a.    The execution and delivery of this Agreement and consummation of the transactions contemplated hereby have been duly authorized by all necessary action on the part of the Party and no other proceedings on the part of the Party are necessary to authorize this Agreement or any of the transactions contemplated hereby.

b.    This Agreement has been duly executed and delivered by the Party and constitutes a legal, valid and binding obligation of the Party and, assuming this Agreement constitutes a legal, valid and binding obligation of the other Parties, is enforceable against the Party in accordance with its terms.

c.    The execution and delivery of this Agreement does not, and the performance of this Agreement will not: (i) violate the constituent documents of the Party, if any; (ii) conflict with or violate any law, rule, regulation, order, judgment or decree applicable to the Party or by which the Party and its assets are bound or affected; or (iii) result in any material breach of or constitute a material default (or an event that with notice or lapse of time or both would become a material default) under, or impair the rights of the Party or alter the rights or obligations of any third party under, or give to others any rights of termination, amendment, acceleration or cancellation of, or result in the creation of a material encumbrance on any of the material properties or assets of the Party pursuant to, any note, bond, mortgage, indenture, contract, agreement, lease, license, permit, franchise, concession, or other instrument or obligation to which the Party is a party or by which the Party or its assets are bound or affected.

14.    <u>Time of the Essence.</u> Time is of the essence of this Agreement, and in all the terms, provisions, covenants and conditions hereof.

15.    <u>Severability.</u> Nothing contained herein shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provisions contained herein and any present or future statute, law, ordinance or regulation, the latter shall prevail, but the provision of this Agreement which is affected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the statute, law, ordinance or regulation.

16.    <u>Further Assurances.</u> Each of the Parties shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder to carry out the intent of the Parties.

17.    <u>Modifications or Amendments.</u> No amendment, change or modification of this Agreement shall be valid, unless in writing and signed by all of the Parties.

18.    <u>Non-Waiver.</u> No waiver by any Party hereto of a breach of any provision of this Agreement shall constitute a waiver of any preceding or succeeding breach of the same or any other provision hereof.

19.    <u>Counterparts.</u> This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

20.    <u>Number and Gender.</u> In this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so requires.

21.    <u>Captions and Headings.</u> The captions and headings appearing at the commencement of the sections hereof are descriptive only and for convenience in reference.

22.    <u>Costs and Expenses.</u> Each of the Parties shall pay all of its own costs and expenses in connection with the Action, including, but not limited to, legal fees, accounting fees, and any other costs and expenses incurred or to be incurred by it or them in negotiating and preparing this Agreement. Nothing in this section is meant to alter or otherwise diminish a Party's ability to recover attorneys' fees and costs incurred in enforcing the terms of this Agreement as set forth in Section 11.

23.    <u>Parties in Interest.</u> Nothing in this Agreement, whether express or implied, is intended to confer any rights or remedies under or by reason of this Agreement on any persons or entities other than the Parties and their respective successors and assigns, nor is anything in this Agreement except as provided herein intended to relieve or discharge the obligation or liability of any third parties to any Party to this Agreement, nor shall any provision give any third parties any right of subrogation or action over or against any Party to this Agreement.

24.    <u>Notices.</u> Any and all notices and demands by any Party to any other Party, required or desired to be given hereunder shall be in writing and shall be validly given only if deposited in the United States mail, certified or registered, postage prepaid, return receipt requested, or if made by Federal Express or other delivery service which keeps records of deliveries and attempted deliveries, or if made by facsimile machine with electronic confirmation of receipt (receipt of which is acknowledged or if a copy thereof is promptly delivered by a delivery service which keeps records of deliveries and attempted deliveries). Service shall be conclusively deemed made on the first business day delivery is attempted, and addressed as follows:

Initials:                          Page **5** of **6**                          Initials:

SDK                                                                              JPS    RGB

*To Trustee:*

Shelley D. Krohn, Chapter 7 Trustee
c/o Jacob L. Houmand, Esq.
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3
Suite 240
Las Vegas, NV 89148

*To the Debtors*:

James Paul Schramm and
Renelyn Guillermo Schramm
800 Loch Katrine Ave.
Henderson, NV 89012

Any Party may change its address for the purpose of receiving notices or demands as herein provided by a written notice given in the manner aforesaid to the other Parties, which notice of change of address shall not become effective, however, until the actual receipt thereof by the other Parties.

25. <u>No Admission.</u> Each of the Parties hereto acknowledges and agrees that the terms of this Agreement are contractual and that the agreements herein contained and the consideration given hereunder is to compromise and settle the Trustee's claims under the Complaint and to avoid litigation. Accordingly, the Parties hereto acknowledge and agree that no statement made herein or payment, release, or other consideration given hereunder shall be construed as an admission by any Party of any kind or nature whatsoever.

26. <u>Interpretation.</u> This Agreement is the result of negotiations among the Parties who have each negotiated and reviewed its terms. No Party shall be deemed to be the drafter for purposes of interpreting any ambiguity or uncertainty in this Agreement against that Party.

Executed this 16th day of ~~January,~~ March 2021.

Executed this ___ day of January, 2021.

**Shelley D. Krohn, Chapter 7 Trustee**

**James Paul Schramm**

Executed this ___ day of January, 2021.

**Renelyn Guillermo Schramm**

Initials: SDK                Page **6** of **6**                Initials: JPS  RGS